UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Emma Dixon,      Case No: _____

    Plaintiff,

-v-

    **TRIAL BY JURY DEMANDED**

Optimum Outcomes, Inc,,

    Defendant.

## COMPLAINT

1. Plaintiff, Emma Dixon, hereby files this complaint, individually against Defendant, Optimum Outcomes, Inc. of its violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 and Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### PARTIES

2. Emma Dixon ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., ("FCRA") at §1681a(c) and 15 U.S.C. 1692a(3).

3. Defendant, Optimum Outcomes, Inc., (formerly Revenue Cycle Solutions) is a "debt collector" as defined by 15 U.S.C. § 1692a(6) a "furnisher of information" as defined by 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of its business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer; and a "user of information" as defined by 15 U.S.C. § 1681m. It has a principal place of business located at 2651 Warrenville Road Suite 500, Downers Grove, Illinois 60515.

4. Plaintiff resides in Charlotte, North Carolina in Mecklenburg County. The transactions that are the subject of this lawsuit occurred in Charlotte, North Carolina.

### GENERAL ALLEGATIONS

5. In June of 2013, Plaintiff obtained her Experian consumer report and upon examination of a report dated June 28, 2015, found two false and erroneous entries being reported by Defendant of whom she was unfamiliar.

6. Plaintiff had never had any business relationship of any kind with Defendant and had never been contacted by it.

7. In June of 2013, Plaintiff filed a dispute of the validity of the false and negative reporting made by Defendant with Experian credit reporting agency.

8. Upon receiving a new report dated July 4, 2013 Plaintiff discovered that one of the negative entries was removed and one was still showing on her Experian consumer.

9. In September of 2013, Plaintiff filed another dispute of the validity of the false and negative entry reporting on her Experian consumer report that was not removed until April of 2014.

10. In September of 2013, Plaintiff obtained her Equifax consumer report and upon examination of it, Plaintiff noticed Defendant was reporting the same false and erroneous entry that was being reported on her Experian consumer report.

11. Plaintiff immediately filed a dispute with Equifax to investigate the negative and erroneous reporting.

12. After receiving an updated Equifax report in October of 2013 and despite the dispute, Defendant incorrectly verified the negative reporting and it remained on Plaintiff's Equifax consumer report.

13. Plaintiff immediately filed another dispute with Equifax.

14. As of November 21, 2013 Defendant was still reporting the erroneous entry on Plaintiff's Equifax consumer report by which Plaintiff continued to dispute until April of 2014.

15. Plaintiff sent to defendant on or about March 29, 2014 a "Notice of Intent to Sue" letter was sent to Defendant that informed it of its violations and an opportunity to settle the matter.

16. In June of 2013 Plaintiff obtained her Transunion consumer report and upon examination of it, Plaintiff found a false and erroneous entry being reported by Revenue Cycle Solutions, an entity unknown and unfamiliar to Plaintiff.

17. Defendant changed its corporate name from Revenue Cycle Solutions to Optimum Outcomes, Inc., in September of 2012.

18. On or near August 8, 2013 Plaintiff immediately filed a dispute with Transunion credit reporting agency via the telephone.

19. In September of 2013, upon receiving a new Transunion report, Plaintiff discovered that the negative and erroneous reporting had been removed.

20. Plaintiff has never had any business relationship of any kind with Defendant and had never been contacted by Defendant for any reason.

21. Defendant continued to report false and erroneous information onto Plaintiff's consumer credit reports after formal dispute for a period of 17 months collectively between the three CRA's which they knew or should have known to be incorrect based on Plaintiff's disputes.

22. Due to Defendant's acts, Plaintiff has suffered anxiety for fear of being denied credit.

23. In November of 2013, Plaintiff sent a request for validation to Defendant to give it the opportunity to provide its reasoning for reporting onto Plaintiff's consumer reports.

23. On or around March 29, 2014 Plaintiff sent a "Notice of Intent to Sue" letter to Defendant via USPS certified mail.

24. Defendant has never provided any signed verification, validation or accounting of any alleged accounts or copy of any signed contract or agreement that would substantiate its validity of the negative reporting.

25. Defendant has been knowingly reporting inaccurate information to the three major credit reporting agencies, Transunion, Equifax and Experian about Plaintiff since at least June of 2013 in an attempt to coerce and deceive Plaintiff into paying amounts not owed to them.

26. Within the same March letter Plaintiff provided to Defendant an opportunity to mitigate damages to resolve this matter before filing suit.

27. Plaintiff is not in receipt of any documentation from Defendant that expresses how she owes anything to Defendant or any entity affiliated with Defendant that would demonstrate why they are reporting on her consumer reports because it has not responded.

28. Defendant has not produced any evidence or factual documentation of any "alleged debt" Dixon could be responsible for and have continued to violate the consumer protection statutes.

29. As a result of Defendant' actions, it has caused injury to Plaintiff's credit reputation, undue worry and loss of happiness resulting from the distribution of incorrect and disparaging information to parties both known and unknown.

## COUNT I – FAIR CREDIT REPORTING ACT

30. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of the FCRA, 15 § 1681a(c).

32. TransUnion, Equifax and Experian are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

33. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

34. Discovery of violations brought forth herein occurred from June of 2013 to April of 2014 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

35. Defendant failed to reasonably reinvestigate Plaintiff's dispute under 15 U.S.C. § 1681s-2(b) and this failure was willful, as Defendant wrongly verified the inaccurate information on Plaintiff's Equifax and Experian consumer reports.

36. As a result of Defendant's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered damages.

37. Defendant was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts of the underlying entries and providing accurate information to the credit reporting agencies regarding those entries.

38. In the event that Defendant was unable to verify the information which it had reported, Defendant was required to advise the credit reporting agencies of this fact.

39. Following the reinvestigation, Defendant, even when given direct notice, still reported credit inaccurate information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

40. Defendants failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

41. Defendant has unlawfully caused there to be 17 separate violations of 15 U.S.C. § 1681s-2(b) to the best of Plaintiff's knowledge.

42. Plaintiff, by filing disputes with the CRA's in June of 2013 through April of 2014 has invoked her private right of action to assert claims against Defendant arising under 15 U.S.C. § 1681s-2(b).

43. Defendant was required to conduct a reinvestigation into the disputed entries listed on her consumer reports pursuant to 15 U.S.C. § 1681i.

44. Defendant willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

45. Defendant negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

46. Due to Defendant's noncompliant acts, Plaintiff has suffered damages resulting in anger, frustration, anxiety, humiliation, embarrassment and decreased credit worthiness.

47. The humiliation, frustration and anxiety stemmed from being violated that led to a diminished credit score and were also proximate causes of Defendant's actions.

48. The fear and anxiety of being denied credit stems from the Defendant's actions.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for statutory damages for each violation, actual and punitive damages to be decided at trial and any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

49. Paragraphs 1 through 48 are re-alleged as though fully set forth herein.

50. Defendant, Optimum Outcomes by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency generated a "communication" in connection with the collection of a debt which they knew was incorrect and a violation of the FDCPA 15 U.S.C. § 1692(g).

51. Defendant's conduct violated 15 U.S.C §1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication to Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the alleged debt.

52. Defendant, Optimum Outcomes made false representations to the three CRA's, Equifax, Experian and TransUnion on multiple occasions as to the character, amount or legal status of an alleged debt which results in a violation of the FDCPA, 15 U.S.C. § 1692(A).

53. The FDCPA requires that a "debt collector" cease collection efforts until debt is validated if a consumer has demanded such in a timely manner. Defendant ignored Plaintiff's request for validation and still engaged in collection actions, by reporting the erroneous entries onto her Experian and Equifax consumer reports resulting in multiple violations of 15 U.S.C. 1692g(b).

54. Defendant intentionally continued to report information that was disputed onto Plaintiff's consumer reports which it knew or should have known to be "disputed" in an attempt to collect monies it was not entitled to in violation of 15 U.S.C. 1692e(8)

55. Defendant has not produced any evidence or factual documentation of any "alleged debt" Plaintiff could be responsible for and have continued to violate the consumer protection statutes.

**THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR,**

# AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.[1]

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages, any attorney's fees and costs pursuant to 15 U.S.C. § 1692k(2)(A).

Respectfully submitted,

*Emma Dixon*
Emma Dixon

---

[1] Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U,S,C § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.